IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD STACK, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-489-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| SHOSHONE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Pending before the Court in the above-entitled matter is Defendants motion to dismiss state law claims against all individual law enforcement officers (Docket No. 13).   Plaintiff filed his response and Defendants filed their reply brief.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

      Plaintiff Ronald Stack has filed a civil action against the Shoshone County Sheriff, Shoshone County Commissioners, Shoshone County, Idaho and Does 1 -100 as defendants.  Plaintiff alleges the Defendants violated his federal civil rights pursuant to 42 U. S. C. §§  1983 and 1985 as well as state law violations based on failure to adequately train and supervise officers; negligent hiring; retention; and failure to discipline or take necessary corrective action.  Defendants deny the allegations and move to dismiss only the state law causes of action and only as they are made against the individual law enforcement officers based on Plaintiff's failure to comply with the bond requirements of Idaho Code § 6-610.  Plaintiff responds that the bond requirement does not apply to § 1983 actions and the motion should be denied.

Idaho Code § 6-610 precludes a party from filing a complaint against a law enforcement officer unless plaintiff also files a written undertaking and requisite bonds. Specifically, § 6-610 provides that before any civil action may be filed against any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, the proposed plaintiff, as a condition precedent, shall file a written undertaking with at least two sufficient sureties in an amount to be fixed by the court.

In Urrizaga v. Twin Falls County, 106 Fed. Appx. 546, 549 (2004), the court held that Idaho Code § 6-610 does not violate the Equal Protection Clause of the Fourteenth Amendment and in footnote 2 that "[t]here is no bond requirement for bringing claims under 42 U.S.C. § 1983." This position is also supported by the recent decision in Hyde v. Fisher, 143 Idaho 782, 152 P.3d 653 (Ct. App. 2007) wherein the court held that the security requirement of § 6-610 is preempted by federal law. Therefore, this Court agrees with Plaintiff that there is no bond requirement for § 1983 actions. However, the bond requirement does still apply to Plaintiff's state law claims.

Therefore, Plaintiff must comply with the mandatory bond requirements when suing peace officers under Idaho Code § 6-610 for the state law claims contained in the Complaint. See Greenwade v. Idaho State Tax Commission, 119 Idaho 501, 808 P.2d 420 (Ct. App. 1991). Any argument the bond requirement was implicitly repealed pursuant to Kent v. Pence, 116 Idaho 22, 773 P.2d 290 (Ct. App.1989) has been rejected by this Court in a number of cases. See, e.g., Lewis v. City of Nampa, et al, Civil Case No. 04-502-S-EJL.

Plaintiffs' failure to post the bond required by § 6-610 would normally preclude Plaintiffs state law claims. However, a court may waive costs, fees and security for indigent parties. Pursuant to Idaho Code § 31-3220, a party may file an affidavit stating that he or she is indigent and unable to pay the costs, fees and securities associated with a case. This affidavit can be examined by the Court, and after an informal inquiry, if the Court determines the party is indigent, the Court could waive certain costs, fees and security. See Hyde (indigent prisoners can also request waiver under Idaho Code 31-3220A which supersedes the requirements of § 6-610); McMillian v. Gem County, et al, Docket No. CV07-078-S-EJL (waiver for indigency allowed, indigency not established).

Accordingly, the Court finds § 6-610 does apply to all persons bringing state law claims against law enforcement officers, however, a person who is indigent may seek a waiver of the bond requirement.  In this case, the Plaintiff has not filed an affidavit so the Court cannot make any finding regarding the Plaintiff's financial status and any request for a waiver of the bond requirement must be denied.  Having found no waiver is appropriate, the Court must dismiss the state law claims against individual law enforcement officers based on Plaintiff's failure to comply with Idaho Code § 6-610.

Being fully advised in the premises, the Court hereby orders that Defendants' motion to dismiss all state law claims against all individual law enforcement officers pursuant to Idaho Code § 6-610 (Docket No. 13) is GRANTED and such state law claims are DISMISSED.  Plaintiff can proceed with his §§ 1983 and 1985 claims against all Defendants and with his state law claims against Defendants that are not individual law enforcement officers.

DATED:  **July 15, 2009**

Honorable Edward J. Lodge
U. S. District Judge